IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

```
AMBER GRAY,                    )
                              )
     Plaintiff,                )
                              )
v.                             )      No.  08-cv-116
                              )
THE UNITED STATES OF AMERICA, )
SAMUEL ESSMA, M.D.,            )
MIDWEST ASSOCIATES            )
RADIOLOGICAL, INC.,            )
a corporation, and ALTON      )
MEMORIAL HOSPITAL, a not-for  )
profit corporation,           )
                              )
     Defendants.               )
```

## J U R I S D I C T I O N

Jurisdiction is pursuant to the Federal Tort Claims Act (FTCA), Title 28, U.S.C. §2674.  Supplemental jurisdiction over non-FTCA claims lies pursuant to Title 28, U.S.C. §1367.

## C O M P L A I N T

### COUNT I
**(Negligence - Wrongful Birth v. United States of America)**

Comes now the plaintiff, by and through her attorneys, **THOMAS Q. KEEFE, JR, P.C.,** and for Count I of her Complaint against the defendant, UNITED STATES OF AMERICA, states:

1.  That at all times herein mentioned, plaintiff Amber Gray was a resident of the State of Illinois, and under the care of Dr. Saji Jacobs.

2.   That on or about February 23, 2006, and all times herein mentioned, Dr. Saji Jacobs was a medical doctor licensed to practice in the State of Illinois, and an agent, servant and employee of Southern Illinois Healthcare Foundation, Inc., a health center owned and/or operated by the defendant, United States of America.

3.   That on or about February 23, 2006, and all times herein mentioned, defendant Dr. Samuel Essma was a medical doctor, licensed to practice in the State of Illinois, specializing in radiology, and an agent, servant, and employee of defendant Midwest Associates Radiological, Inc., a corporation, likewise authorized to do business in the State of Illinois, when he and it, by and through its agents, servants, and employees assumed the care of plaintiff herein.

4.   That on or about February 23, 2006, and all times herein mentioned, the defendant, Alton Memorial Hospital, was a not-for profit corporation, authorized and doing business in the State of Illinois as a hospital, and providing doctors, nurses, technicians, and other hospital personnel, including radiological and other diagnostic and treatment services, when it, by and through its agents, apparent agents, servants, and employees assumed the care of plaintiff herein.

5.   That on or about February 23, 2006, and all times herein mentioned, Dr. Suji Jacobs ordered and Defendant Dr. Samuel Essma performed an ultrasound on plaintiff.

6.   That the defendant, by and through its agents, servants and employees, was guilty of one or more of the following negligent acts or omissions:

    a)   Negligently and carelessly based a finding of a normal ultrasound on incomplete information; namely, that the unborn child's extremities were only "partially visible."

    b)   Negligently and carelessly failed to order subsequent ultrasounds until all four of the unborn child's extremities were completely visible.

    c)   Negligently and carelessly failed to timely diagnose plaintiff's unborn child's amniotic band syndrome.

7.   That as a direct and proximate result of the foregoing negligent act or omission on the part of the defendant as aforesaid, plaintiff's unborn child's disorder went undiscovered and undiagnosed; consequently, plaintiff was denied the opportunity to discover her unborn child's disorder, and thus denied the chance to terminate her pregnancy.  Had she learned of the disorder, she would have so terminated.  Instead, she gave birth to a child with amniotic band syndrome.  Plaintiff has, is, and will continue to incur extraordinary expenses for medical, hospital, institutional, educational, and other expenses required to manage and treat her child's disorder, and otherwise properly

-3-

provide for her child, all to her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment against defendant in an amount greater than FIFTEEN-MILLION DOLLARS ($15,000,000.00), plus costs.

**COUNT II**
**(Negligence - Wrongful Birth v. Samuel Essma, M.D.)**

Comes now the plaintiff, by and through her attorneys, **THOMAS Q. KEEFE, JR, P.C.,** and for Count II of her Complaint against the defendant, SAMUEL ESSMA, M.D., states:

1.  That at all times herein mentioned, plaintiff Amber Gray was a resident of the State of Illinois, and under the care of Dr. Saji Jacobs.

2.  That on or about February 23, 2006, and all times herein mentioned, Dr. Saji Jacobs was a medical doctor licensed to practice in the State of Illinois, and an agent, servant and employee of Southern Illinois Healthcare Foundation, Inc., a health center owned and/or operated by the defendant, United States of America.

3.  That on or about February 23, 2006, and all times herein mentioned, defendant Dr. Samuel Essma was a medical doctor, licensed to practice in the State of Illinois, specializing in radiology, and an agent, servant, and employee of defendant Midwest Associates Radiological, Inc., a corporation, likewise authorized to do business in the State of Illinois, when he and

-4-

it, by and through its agents, servants, and employees assumed the care of plaintiff herein.

4.   That on or about February 23, 2006, and all times herein mentioned, the defendant, Alton Memorial Hospital, was a not-for profit corporation, authorized and doing business in the State of Illinois as a hospital, and providing doctors, nurses, technicians, and other hospital personnel, including radiological and other diagnostic and treatment services, when it, by and through its agents, apparent agents, servants, and employees assumed the care of plaintiff herein.

5.   That on or about February 23, 2006, and all times herein mentioned, Dr. Suji Jacobs ordered and Defendant Dr. Samuel Essma performed an ultrasound on plaintiff.

6.   That the defendant, by and through its agents, servants and employees, was guilty of one or more of the following negligent acts or omissions:

       a)   Negligently and carelessly based a finding of a normal ultrasound on incomplete information; namely, that the unborn child's extremities were only "partially visible."

       b)   Negligently and carelessly failed to order subsequent ultrasounds until all four of the unborn child's extremities were completely visible.

       c)   Negligently and carelessly failed to timely diagnose plaintiff's unborn child's amniotic band syndrome.

-5-

7.  That as a direct and proximate result of the foregoing negligent act or omission on the part of the defendant as aforesaid, plaintiff's unborn child's disorder went undiscovered and undiagnosed; consequently, plaintiff was denied the opportunity to discover her unborn child's disorder, and thus denied the chance to terminate her pregnancy.  Had she learned of the disorder, she would have so terminated.  Instead, she gave birth to a child who suffers from amniotic band syndrome. Plaintiff has, is, and will continue to incur extraordinary expenses for medical, hospital, institutional, educational, and other expenses necessary to manage and treat her child's disorder, and otherwise properly provide for her child, all to her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment against defendant in an amount greater than FIFTEEN-MILLION DOLLARS ($15,000,000.00), plus costs.

<u>**COUNT III**</u>
**(Negligence - Wrongful Birth v. Midwest Associates Radiological, Inc.)**

Comes now the plaintiff, by and through her attorneys, **THOMAS Q. KEEFE, JR, P.C.,** and for Count III of her Complaint against defendant MIDWEST ASSOCIATES RADIOLOGICAL, INC., states:

1.  That at all times herein mentioned, plaintiff Amber Gray was a resident of the State of Illinois, and under the care of Dr. Saji Jacobs.

-6-

2. That on or about February 23, 2006, and all times herein mentioned, Dr. Saji Jacobs was a medical doctor licensed to practice in the State of Illinois, and an agent, servant and employee of Southern Illinois Healthcare Foundation, Inc., a health center owned and/or operated by the defendant, United States of America.

3. That on or about February 23, 2006, and all times herein mentioned, defendant Dr. Samuel Essma was a medical doctor, licensed to practice in the State of Illinois, specializing in radiology, and an agent, servant, and employee of defendant Midwest Associates Radiological, Inc., a corporation, likewise authorized to do business in the State of Illinois, when he and it, by and through its agents, servants, and employees assumed the care of plaintiff herein.

4. That on or about February 23, 2006, and all times herein mentioned, the defendant, Alton Memorial Hospital, was a not-for profit corporation, authorized and doing business in the State of Illinois as a hospital, and providing doctors, nurses, technicians, and other hospital personnel, including radiological and other diagnostic and treatment services, when it, by and through its agents, apparent agents, servants, and employees assumed the care of plaintiff herein.

5.   That on or about February 23, 2006, and all times herein mentioned, Dr. Suji Jacobs ordered and Defendant Dr. Samuel Essma performed an ultrasound on plaintiff.

6.   That the defendant, by and through its agents, servants and employees, was guilty of one or more of the following negligent acts or omissions:

   a)   Negligently and carelessly based a finding of a normal ultrasound on incomplete information; namely, that the unborn child's extremities were only "partially visible."

   b)   Negligently and carelessly failed to order subsequent ultrasounds until all four of the unborn child's extremities were completely visible.

   c)   Negligently and carelessly failed to timely diagnose plaintiff's unborn child's amniotic band syndrome.

7.   That as a direct and proximate result of the foregoing negligent act or omission on the part of the defendant as aforesaid, plaintiff's unborn child's disorder went undiscovered and undiagnosed; consequently, plaintiff was denied the opportunity to discover her unborn child's disorder, and thus denied the chance to terminate her pregnancy.  Had she learned of the disorder, she would have so terminated.  Instead, she gave birth to a child who suffers from amniotic band syndrome. Plaintiff has, is, and will continue to incur extraordinary expenses for medical, hospital, institutional, educational, and other expenses necessary to manage and treat her child's

-8-

disorder, and otherwise properly provide for her child, all to
her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment against defendant in
an amount greater than FIFTEEN-MILLION DOLLARS ($15,000,000.00),
plus costs.

<u>COUNT IV</u>
**(Negligence - Wrongful Birth v. Alton Memorial Hospital)**

Comes now the plaintiff, by and through her attorneys,
**THOMAS Q. KEEFE, JR, P.C.,** and for Count I of her Complaint
against the defendant, UNITED STATES OF AMERICA, states:

1.  That at all times herein mentioned, plaintiff Amber Gray
was a resident of the State of Illinois, and under the care of
Dr. Saji Jacobs.

2.  That on or about February 23, 2006, and all times herein
mentioned, Dr. Saji Jacobs was a medical doctor licensed to
practice in the State of Illinois, and an agent, servant and
employee of Southern Illinois Healthcare Foundation, Inc., a
health center owned and/or operated by the defendant, United
States of America.

3.  That on or about February 23, 2006, and all times herein
mentioned, defendant Dr. Samuel Essma was a medical doctor,
licensed to practice in the State of Illinois, specializing in
radiology, and an agent, servant, and employee of defendant
Midwest Associates Radiological, Inc., a corporation, likewise

-9-

authorized to do business in the State of Illinois, when he and
it, by and through its agents, servants, and employees assumed
the care of plaintiff herein.

4.   That on or about February 23, 2006, and all times
herein mentioned, the defendant, Alton Memorial Hospital, was a
not-for profit corporation, authorized and doing business in the
State of Illinois as a hospital, and providing doctors, nurses,
technicians, and other hospital personnel, including radiological
and other diagnostic and treatment services, when it, by and
through its agents, apparent agents, servants, and employees
assumed the care of plaintiff herein.

5.   That at all times herein mentioned, Defendant Alton
Memorial Hospital held itself out as the provider of medical
care, specifically including the provider of ultrasounds, and
acted in a manner which would lead a reasonable person, including
Plaintiff, to conclude Dr. Samuel Essma was an employee or agent
of the hospital, without either informing Plaintiff or acting in
a manner which would lead Plaintiff to reasonably believe that
the care provided by Dr. Samuel Essma was that of an alleged
independent contractor.

6.   That at all times herein mentioned, Defendant Dr. Saumel
Essma acted in a manner which created the appearance of authority
to act on behalf of Defendant Alton Memorial Hospital; that,
further, Defendant Alton Memorial Hospital had knowledge of Dr.

Essma acting in this manner, and effectively acquiesced to Dr. Essma's actions.

7.   That at all times herein mentioned, when Plaintiff presented to Defendant Alton Memorial Hospital, it was her reasonable expectation and belief that she was receiving care from Defendant Alton Memorial Hospital, and not merely from Dr. Samuel Essma in any individual or independent capacity.

8.   That on or about February 23, 2006, and all times herein mentioned, Dr. Suji Jacobs ordered and Defendant Dr. Samuel Essma performed an ultrasound on plaintiff.

9.   That the defendant, by and through its agents, servants and employees, was guilty of one or more of the following negligent acts or omissions:

      a)   Negligently and carelessly based a finding of a normal ultrasound on incomplete information; namely, that the unborn child's extremities were only "partially visible."

      b)   Negligently and carelessly failed to order subsequent ultrasounds until all four of the unborn child's extremities were completely visible.

      c)   Negligently and carelessly failed to timely diagnose plaintiff's unborn child's amniotic band syndrome.

10.   That as a direct and proximate result of the foregoing negligent act or omission on the part of the defendant as aforesaid, plaintiff's unborn child's disorder went undiscovered and undiagnosed; consequently, plaintiff was denied the

opportunity to discover her unborn child's disorder, and thus denied the chance to terminate her pregnancy.  Had she learned of the disorder, she would have so terminated.  Instead, she gave birth to a child who suffers from amniotic band syndrome. Plaintiff has, is, and will continue to incur extraordinary expenses for medical, hospital, institutional, educational, and other expenses necessary to manage and treat her child's disorder, and otherwise properly provide for her child, all to her damage in a substantial amount.

WHEREFORE, plaintiff demands judgment against defendant in an amount greater than FIFTEEN-MILLION DOLLARS ($15,000,000.00), plus costs.

         /s/Thomas Q. Keefe, III
        THOMAS Q. KEEFE, Jr., P.C.
        THOMAS Q. KEEFE, III
        Ill. Reg. No. 6294376
        Attorney for Plaintiff

**THOMAS Q. KEEFE, JR., P.C.**
**ATTORNEY AT LAW**
**#6 EXECUTIVE WOODS COURT**
**BELLEVILLE, ILLINOIS 62226**
**618/236-2221**
**618/236-2194 (Facsimile)**